**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CAREY BERNARD CALDWELL, | § | |
| (A/K/A BERNARD TALIB | § | |
| DIN HASAN) | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-2529 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner Carey Bernard Caldwell sued for relief under 28 U.S.C. § 2254, challenging a 2001 state court conviction for aggravated theft. The threshold issue is whether Caldwell has exhausted his state court remedies as required for this case to proceed. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition, for the reasons stated below.

**I.     Background**

On April 19, 2001, a jury in the 180th Judicial District Court of Harris County, Texas found Caldwell guilty of aggravated theft. (Cause Number 856214). The trial court sentenced Caldwell to fifty-five years of imprisonment. The Texas Court of Criminal Appeals refused Caldwell's petition for discretionary review on March 3, 2005. Caldwell states that he has filed an application for state habeas corpus relief under TEX. CODE CRIM. PROC. ANN., Art. 11.07. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 3).

## II.     The Issue of Exhaustion

Prisoners are required to exhaust their claims in state court before applying for federal habeas relief under section 2254.  *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  To exhaust, a prisoner must "fairly present" all his claims to the state court.  *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995).  Full exhaustion of all claims presented is required before federal habeas corpus relief is available.  *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("[t]he exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983).  28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A)  the applicant has exhausted the remedies available in the courts of the State; or (B) (i)  there is an absence of available state corrective process; or (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)).

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A federal court may raise on its own a prisoner's failure to exhaust state law remedies and bar federal litigation of petitioner's claims until exhaustion is complete. *Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998)(citing *Graham v. Johnson,* 94 F.3d 958, 970 (5th Cir. 1996)).

On his appeal in the Texas courts, Caldwell raised four points of error: (1) the evidence was legally and factually insufficient; (2) the trial court erred in excluding certain cross-examination testimony; and (3) the trial court abused its discretion in denying Caldwell's motion for new trial without a hearing. The Texas Court of Criminal Appeals refused a petition for discretionary review on March 3, 2005. *See Arline v. State*, 721 S.W.2d 348, 353 (Tex. Cr. App. 1986) (this Court's "review is limited to those points of error

decided by the courts of appeals, included in petitions for discretionary review and granted as grounds for review").

In this federal petition, Caldwell raises the following grounds:

(1) the judgment and sentence are barred by the doctrine of collateral estoppel;

(2) his direct appeal was not decided on the merits;

(3) he was convicted on a theory not alleged in the indictment;

(4) the evidence was factually and legally insufficient to support the conviction;

(5) the prosecutor suppressed favorable evidence;

(6) the prosecutor used perjured testimony;

(7) the prosecutor intimidated several witnesses;

(8) the trial court refused to allow Caldwell to testify concerning the suppression of evidence;

(9) the trial court lacked jurisdiction over the case;

(10) the indictment was invalid; and

(11) counsel rendered ineffective assistance.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7–8).  Caldwell raised only his fourth ground for habeas relief in his state court appeals.   Caldwell states that on June 7, 2005, he filed a state habeas application in the convicting court, in which he presented the claims he now raises in this federal petition.  (Docket Entry No. 1, Petition for a Writ of

Habeas Corpus, p. 3). From Caldwell's pleadings, it appears that his state habeas application is still pending. (*Id.* at 4).

Caldwell's federal petition contains both exhausted and unexhausted claims. A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition that should be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."). Caldwell has not yet exhausted his available state court remedies because he has not presented all the grounds for challenging his conviction in Cause Number 865214 to the state's highest court with criminal jurisdiction. As a result, his federal habeas petition is dismissed without prejudice. Caldwell may refile a federal habeas petition after exhausting his state remedies, subject to the time requirements under 28 U.S.C. § 2244(d).

## III.   Conclusion

Caldwell's motion to proceed as a pauper, (Docket Entry No. 3), is GRANTED. This case is DISMISSED, without prejudice.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or

that the issues deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484. Caldwell has not made the necessary showing for the issuance of a COA.

SIGNED on July 29, 2005.

_____
Lee H. Rosenthal
United States District Judge